UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES R. YOUNG,<br><br>    Defendant. | CASE NO. 3:14-cr-05242-RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA |

THIS MATTER comes before the Court on Defendant James Young's Motion to Withdraw Guilty Plea. Dkt. 264. The Court has considered the motion, the Government's Response (Dkt. 274), Mr. Young's Reply (Dkt. 276), and the remainder of the file herein. The Court also considered oral argument and the sworn testimony of Lakewood Police Detective Ryan Larson on March 3, 2017. Mr. Young has raised three reasons to withdraw his guilty plea, all three of which individually provide a sufficient basis for the motion to be granted.

A. <u>Fed. R. Cr. P. 11(d)(2)(B) Standard for Relief.</u>

Prior to sentencing, allowing defendants to withdraw guilty pleas is permissible where defendants "can show a fair and just reason for requesting withdrawal." Fed. R. Cr. P.

1  11(d)(2)(B). Defendants have the burden to show a fair and just reason for the withdrawal. The
2  standard that is to be "applied liberally," although defendants "may not withdraw . . . simply on a
3  lark." *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) (internal citations and
4  quotations omitted). "Fair and just reasons . . . include inadequate Rule 11 plea colloquies, newly
5  discovered evidence, intervening circumstances, or any other reason for withdrawing a plea that
6  did not exist when the defendant entered his plea." *United States v. Jones*, 472 F.3d 1136, 1141
7  (9th Cir. 2007). "A marked shift in governing law . . . may operate" as an intervening
8  circumstance satisfying defendants' burden. *Ensminger*, 567 F.3d at 592.

9  B. <u>Discussion.</u>

10  **1. The Government's failure to disclose the August 2013 report pertaining to alleged victim, K.W.**

12  According to Mr. Young, the Government's failure to produce an August 2013 police
13  report with information about an alleged victim, K.W., is a *Brady* violation that justifies
14  withdrawal of his plea.

15  The August 2013 police report is newly discovered evidence sufficient for Mr. Young's
16  withdrawal of his guilty plea. The report contains both exculpatory and impeachment evidence.
17  *C.f. United States v. Ruiz*, 536 U.S. 622, 629 (2002). The report includes a statement by K.W., a
18  witness to an unrelated incident, which implies that in August of 2013 K.W. prostituted for
19  someone other than Mr. Young, which conflicts with K.W.'s grand jury testimony that K.W. first
20  prostituted when she met Mr. Young in September of 2013. The statement could be used to
21  impeach K.W., which the Government at least tacitly admits, but the statement is also
22  exculpatory because of its relation *at least* to Count 2, which alleges a violation of 18 U.S.C. §§
23  1591(a)(1) and (b)(1). As to Count 2, at trial the Government must prove three elements: (1) Mr.
24  Young knowingly did recruit, entice, harbor, transport, provide, or obtain K.W. to engage in a

1 commercial sex act; (2) Mr. Young did so knowing that force, fraud, or coercion would be used
2 to cause K.W. to engage in a commercial sex act; and (3) the acts were in or affecting interstate
3 commerce. Evidence that K.W. first prostituted in August of 2013 or before, not during
4 September of 2013 (when she first met Mr. Young), could undermine both elements 1 and 2.

Mr. Young became aware of K.W.'s statement on August 25, 2016, a date following the entry of his guilty plea on June 8, 2016. Therefore, given that the report is newly discovered evidence, Mr. Young's delayed receipt of the police report is a fair and just basis for withdrawal.

The Court makes no finding as to whether the circumstances are sufficient to justify a *Brady* violation.

**2. New case law, *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016).**

The parties agree about the holding in *Lin*, which clarified that the base level offense for conspiracy to engage in sex trafficking under 18 U.S.C. § 1594 is 14, not 34, but the parties disagree about whether *Lin* is a sufficient basis for withdrawal of Mr. Young's guilty plea.

The holding in *Lin*, in light of Mr. Young's plea negotiating circumstances, is an intervening circumstance sufficient to justify withdrawal. Mr. Young pled to conspiracy to engage in sex trafficking under 18 U.S.C. § 1594 with an agreed recommended range of 120-156 months. Dkt. 233 at 6. Without *Lin*'s clarification about the base level offense, the plea may have been made under the incorrect assumption that Mr. Young was subject to a sentencing guidelines range of 262-327 months under base offense level of 34, rather than 120-156 months if the base offense level was 14. Although the Court is not required to follow the parties' recommendation, even when agreed, the degree to which a recommendation deviates from the sentencing guidelines, at a minimum, could change Mr. Young's negotiating leverage, and thus the outcome. Given that *Lin* was issued on November 14, 2016, a date after Mr. Young's plea, the

ORDER GRANTING DEFENDANT'S MOTION
TO WITHDRAW GUILTY PLEA- 3

commercial sex act; (2) Mr. Young did so knowing that force, fraud, or coercion would be used to cause K.W. to engage in a commercial sex act; and (3) the acts were in or affecting interstate commerce. Evidence that K.W. first prostituted in August of 2013 or before, not during September of 2013 (when she first met Mr. Young), could undermine both elements 1 and 2.

Mr. Young became aware of K.W.'s statement on August 25, 2016, a date following the entry of his guilty plea on June 8, 2016. Therefore, given that the report is newly discovered evidence, Mr. Young's delayed receipt of the police report is a fair and just basis for withdrawal.

The Court makes no finding as to whether the circumstances are sufficient to justify a *Brady* violation.

**2. New case law, *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016).**

The parties agree about the holding in *Lin*, which clarified that the base level offense for conspiracy to engage in sex trafficking under 18 U.S.C. § 1594 is 14, not 34, but the parties disagree about whether *Lin* is a sufficient basis for withdrawal of Mr. Young's guilty plea.

The holding in *Lin*, in light of Mr. Young's plea negotiating circumstances, is an intervening circumstance sufficient to justify withdrawal. Mr. Young pled to conspiracy to engage in sex trafficking under 18 U.S.C. § 1594 with an agreed recommended range of 120-156 months. Dkt. 233 at 6. Without *Lin*'s clarification about the base level offense, the plea may have been made under the incorrect assumption that Mr. Young was subject to a sentencing guidelines range of 262-327 months under base offense level of 34, rather than 120-156 months if the base offense level was 14. Although the Court is not required to follow the parties' recommendation, even when agreed, the degree to which a recommendation deviates from the sentencing guidelines, at a minimum, could change Mr. Young's negotiating leverage, and thus the outcome. Given that *Lin* was issued on November 14, 2016, a date after Mr. Young's plea, the

1  opinion is an intervening circumstance, and it is fair and just basis for the withdrawal of his
2  guilty plea.
3  **3. GPS data.**
4      Mr. Young argues that although GPS data was the subject of extensive litigation, at that
5  time "it was not clear that government actually had possession of more data than they were
6  disclosing to defense," which has become clear to the defense based on consultation with a GPS
7  expert in February of 2017. In support, Mr. Young points to a file disclosed by the Government
8  as discovery responsive to Mr. Young's request for "GPS raw data." The metadata of that file
9  revealed that the discovery had come from Lakewood Police Department Agent Berg, not from
10 CovertTrack, a third party vendor.
11     On balance, the sequence of events accelerating the exchange of discovery immediately
12 prior to the GPS data hearing, Mr. Young's new knowledge about the origin of discovery
13 provided (from Agent Berg), and the broad discovery rule found in *United States v. Soto-Zuniga*,
14 837 F.3d 992 (9th Cir. 2016), persuade the Court that it is fair and just to permit Mr. Young to
15 withdraw his guilty plea on this basis. The Government would be prudent to arrange an
16 opportunity for counsel to view the GPS data the defense requests.
17     The Court makes no finding as to whether the circumstances are sufficient to justify a
18 discovery violation.
19                                                   * *
20     In response to a colloquy by the Court, Mr. Young verbally confirmed his desire to
21 withdraw his guilty plea, his satisfaction with the representation provided by his attorneys, and
22 his awareness of the consequences. Mr. Young has made a showing sufficient under Fed. R. Cr.
23 P. 11(d)(2)(B) to justify withdrawal of his guilty plea.
24

ORDER GRANTING DEFENDANT'S MOTION
TO WITHDRAW GUILTY PLEA- 4

THEREFORE, Mr. Young's Motion to Withdraw Guilty Plea (Dkt. 264) is HEREBY GRANTED. The guilty plea is VACATED. The case shall be set for trial as a priority setting.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of March, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge