UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES R. YOUNG,<br><br>    Defendant. | CASE NO. CR14-5242RJB |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES R. YOUNG,<br><br>    Defendant | CASE NO. CR14-5548RJB<br><br>ORDER DENYING TIME-SENSITIVE MOTION FOR COMPASSIONATE RELEASE PURSUANT TO<br>18 U.S.C. § 3582(c)(1) |

This matter comes before the court on the above-referenced motion (CR14-5242RJB, Dkt. 429 & CR14-5548RJB, Dkt. 233). The Court is familiar with all documents filed in support of, and in opposition to, the motion, the contents of the files, and the various court hearings and proceedings conducted in these cases.

Defendant is 39 years old, and in serving a 90-month sentence at Coleman II U.S. Penitentiary in Florida. He has a December 28, 2020 projected release date. He apparently

suffers from high blood pressure, high cholesterol and diabetes, for which he is on medication (CR14-5242RJB, Dkt. 436). Details of his physical issues are not in the record, but the Court assumes he is, like the undersigned, in a high-risk group for a severe illness from COVID-19 should he catch it – or should it catch him.

This Court need not repeat all of the information commonly known and disseminated about COVID-19. It is a highly contagious, world-wide pandemic, which results in everything from mild symptoms to death. In institutions like prisons, housing large populations, it is particularly hard to control because of the unavoidable close contact between residents.

No COVID-19 cases have been reported at Defendant's current institution, Coleman II U.S. Penitentiary.

Defendant requests an extraordinary and compassionate release based on these facts, and on 18 U.SC. § 3582 (c)(1). In pertinent part, 18 U.S.C. § 3582(c)(1) reads as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Policy Statement referenced by the statute is USSG § 1B1.13 was required by 28 U.S.C. § 944(f), which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The policy statement at USSG § 1B1.13 provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>     (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>     (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>     (3) The reduction is consistent with this policy statement.

The application notes to the policy statement provide further limited guidance to the Court, but makes clear that a "serious physical or medical condition" may be sufficient to find an "extraordinary and compelling reason" for a compassionate reduction in sentence. USSG § 1B1.13 Comment Note 4.

Under those facts and that law, Defendant does not qualify for a compassionate reduction in sentence or release under 18 U.S.C. § 3582 (c)(1) for the following reasons:

    1) Defendant did not exhaust his administrative remedies by appeal to the Director of the Bureau of Prisons or to the Warden of Coleman II U.S. Penitentiary as required by 18 U.S.C. 1982 (c)(1). His counsel's argument of futility is not persuasive.

    2) Defendant has not presented extraordinary and compelling reasons for a sentence reduction considering the following:

a) Defendant has not submitted information that he is more likely to get COVID-19 in his penitentiary, which, so far, is virus free, than if he was in a release status, including travel cross-county.

b) If he gets COVID-19, in prison or on release, Defendant's physical condition only makes it more likely that he will suffer more severe symptoms than if he had no physical issues.

c) The Bureau of Prisons Director has ordered implementation of Phase Five of the Bureau's COVID-19 Action Plan, effective April 1, 2020, to address the problem of the virus in the prisons operated by the Bureau (see attached letter from Warden Jacquez to Chief Judge Martinez of the Western District of Washington dated April 3, 2020).[1]  The success of the Bureau of Prisons' efforts remains to be seen.

d) Based on Defendant's criminal and prison history, the Court cannot find that he is not a danger to the safety of any other person or to the community, or that he has been successfully rehabilitated.   Time and his actions on supervised release to come, hopefully, will allow such a finding in the future – but it is premature now.

e) Based on the showing made, it is doubtful that Defendant has a <u>serious</u> physical or medical condition as set forth in USSG § 1B1.13

f) Defendant's referral to U.S. v Rodriguez, 2-071 AB, U.S. District Court for the Eastern District of Pennsylvania, is unavailing.  That case is factually very different than that of Defendant Young.

---

[1] The Court is mindful that this letter has not heretofore been filed an is probably beyond the knowledge of counsel.

The Court is aware that some of the contents of this Order are based on the Court's understanding of the COVID-19 pandemic from many, many press reports and what has come to be common knowledge.

For all of the foregoing reasons, the Court concludes that Defendant has not exhausted available remedies and that no extraordinary and compelling reasons justifying a reduction in sentence exist here. Defendant's Time-Sensitive Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (c)(1) should be DENIED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of April 2020.

ROBERT J. BRYAN
United States District Judge