1
2
3
4
5
6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                   AT TACOMA

8    UNITED STATES OF AMERICA,

9                         Plaintiff,          CASE NO. CR14-5242RJB

10         v.

11   JAMES R. YOUNG,

12                        Defendant.

13   UNITED STATES OF AMERICA,

14                        Plaintiff,          CASE NO. CR14-5548RJB

15         v.                                 SECOND ORDER DENYING
                                              TIME-SENSITIVE MOTION FOR
16   JAMES R. YOUNG,                          COMPASSIONATE RELEASE
                                              PURSUANT TO
17                        Defendant           18 U.S.C. § 3582(c)(1)

18
          This matter comes before the Court on the above-referenced motion (CR14-5242RJB,
19
20   Dkt. 447 & CR14-5548RJB, Dkt. 250; references herein are to docket numbers in CR14-

21
22   5242RJB).  Duplicates of pertinent pleadings have also been filed in CR14-5548RJB.  The Court

23
24

- 1

is familiar with all documents filed in support of, and in opposition to, the motion and the prior,

similar motion (Dkt. 429).

On April 6, 2020, at Docket Number 440, the Court denied Defendant's first, similar

motion.  That Order is incorporated herein by this reference as a starting point for reexamination

of Defendant's request for release.

One reason Defendant's earlier motion was denied was for failure to exhaust

administrative remedies.  That requirement has now been met.

The earlier motion was also denied because the Court found that Defendant had not

presented extraordinary and compelling reasons for a sentencing reduction.  The Court listed the

considerations leading to that conclusion.  Those considerations are reexamined as follows:

a)        Defendant has not submitted information that he is more likely to get COVID-19

in his place of incarceration, Coleman II – USP, than if he was in release status, including travel

cross-country.  There is risk of infection everywhere, and prisons are <u>potentially</u> high-risk, but

Coleman II – USP does not appear to be a particular "hot spot" for COVID-19 infections.

b)      If Defendant gets COVID-19, in prison or on release, Defendant's physical condition only makes it more likely that he will suffer more severe symptoms than if he had no physical issues.

c)      The Bureau of Prisons continues to fight the COVID-19 issue, but the success of those efforts – particularly at Coleman II – USP – remains to be seen.

d)      Based on Defendant's criminal and prison history, the Court cannot find that he is not a danger to the safety of any other person or to the community, or that he has been successfully rehabilitated.  Defendant makes no meaningful showing here to the contrary.  At sentencing, the Court said, "Mr. Young is going to have to decide whether he wants to be a crook or a citizen when he gets out of prison.  It seems to me that that's not a matter of sexual deviancy issues, but a matter of behavior.  So we will see."  Sentencing transcript, Docket Number 456-4 at page 9.  There is no basis in the record for the Court to forecast the Defendant's future behavior.  The Court is hopeful that Mr. Young, who is intelligent, and often displays an engaging personality, will make the right choices after his release.

e)      Based on the showing made, which now includes Defendant's prison medical records (Dkt. 448), it is doubtful that Defendant has a <u>serious</u> physical or medical condition as

defined in USSG § 1B1.13.  While he does suffer from generally serious medical conditions, there is no showing that they "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility."  Without such a showing, the requirements of USSG § 1B1.13 are not met.

Mr. Young does not qualify for early release or modification of his sentence under 18 U.S.C. § 3582(c)(1) and USSG § 1B1.13.  He fails to show an extraordinary and compelling reason warranting a sentence reduction, or that he is not a danger to the safely of any other person or to the community.

ORDER

Defendant's Second Time Sensitive Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (c) (1) (Dkt. 447) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of September, 2020.

ROBERT J. BRYAN
United States District Judge

- 4